IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN C. PAUL                                                                                    PLAINTIFF

v.                          Civil No. 5:21-cv-05030

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; LIEUTENANT
TYLER ROSS; LIEUTENANT WYATT
BANTA; and CAPTAIN HAROLD GAGE                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* (IFP). Plaintiff is incarcerated in the Benton County Detention Center. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. DISCUSSION

On March 9, 2021, an Order (ECF No. 7) was entered requiring Plaintiff to submit an Amended Complaint by March 29, 2021. Plaintiff was advised that failure to file the Amended Complaint would subject the case to dismissal.

To date, Plaintiff has not filed an Amended Complaint. Plaintiff has not sought an extension of time to do so. Plaintiff has failed to comply with the Court's Order (ECF No. 7).

On April 6, 2021, a Show Cause Order (ECF No. 8) was entered. Plaintiff was given until April 27, 2021, to show cause why he failed to comply with the Court Order (ECF No. 7). Plaintiff was advised that failure to respond to the Show Cause Order would result in the dismissal of this case. Plaintiff has not responded to the Show Cause Order or sought an extension of time to do so. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the

ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b), the Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of May 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE